[No. 13270. Department Two. — July 21, 1891.]

MARILLA D. WILSON, RESPONDENT, v. THE FOURTEENTH STREET RAILROAD COMPANY, APPELLANT.

NEGLIGENCE — DEFECTIVE STEP TO STREET-RAILWAY CAR — GROSS NEGLIGENCE OF DRIVER — INJURY TO PASSENGER — INSTRUCTION — CONTRIBUTORY NEGLIGENCE. — In an action against a street-railroad company for damages caused by its negligence, where the evidence is ample to show both carelessness of the corporation in having a defective step on its car, and also gross negligence on the part of the driver in starting the car just as the plaintiff, who was a passenger, was stepping off, and there is no evidence tending to show any negligence on the part of the passenger, an instruction that if the jury should believe from the evidence that the railroad company was guilty of gross negligence which caused the injury, the company was liable, notwithstanding contributory negligence on the part of the passenger, is not prejudicially erroneous.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion.

*Fox & Kellogg*, and *Kellogg & King*, for Appellant.

A common carrier does not insure that the vehicles which he uses are absolutely free from defects. (*McPadden* v. *New York etc. R. R. Co.*, 44 N. Y. 478.) The plaintiff's failure to protect herself by means of the railing attached ᵢto defendant's car for the express purpose of such use was negligence, which, notwithstanding the negligence of the defendant (even if it be conceded that it was negligent), the law regards as such a contributory cause on her part as will make the injury her own misfortune, and relieve the defendant from liability therefor. (*Glascock* v. *Central Pacific R. R. Co.*, 73 Cal. 141; *Flemming* v. *Western Pacific R. R. Co.*, 49 Cal. 257.) If the plaintiff was guilty of contributory negligence, it will defeat a recovery, notwithstanding the negligence of defendant, and the instruction to the contrary was erro-

neous. (*Hartfield* v. *Roper*, 21 Wend. 615; 34 Am. Dec. 273; *Munger* v. *Tonawanda R. R. Co.*, 4 N. Y. 359; 53 Am. Dec. 384; *Robinson* v. *Western Pacific R. R. Co.*, 48 Cal. 410; *Eckert* v. *Long Island R. R. Co.*, 43 N. Y. 507; 3 Am. Rep. 721; *McQuilken* v. *Central Pacific R. R. Co.*, 64 Cal. 464; *Glascock* v. *Central Pacific R. R. Co.*, 73 Cal. 141.)

*Edward C. Robinson*, for Respondent.

The carrier of passengers is under obligations to use the utmost care and diligence in providing safe, suitable, and sufficient vehicles for the conveyance of his passengers. (*Treadwell* v. *Whittier*, 80 Cal. 592; 13 Am. St. Rep. 175; *Ingalls* v. *Bills*, 9 Met. 1; 43 Am. Dec. 346; *Hadley* v. *Cross*, 34 Vt. 586; 80 Am. Dec. 699; *Christie* v. *Griggs*, 2 Camp. 79; *Hegeman* v. *Western R. R. Co.*, 13 N. Y. 9; 64 Am. Dec. 517; Wharton on Negligence, secs. 628, 629; *Lawrence* v. *Green*, 70 Cal. 417, 419; 59 Am. Rep. 428; Thompson on Carriers, 124; *Raymond* v. *Railway Co.*, 65 Iowa, 152; *Vandeventer* v. *Railway Co.*, 26 Fed. Rep. 32; *Morse* v. *R. R. Co.*, 69 Iowa, 491; *Mackey* v. *Railway Co.*, 18 Fed. Rep. 326; *Dunlap* v. *The Reliance*, 2 Fed. Rep. 249; *Coddington* v. *R. R. Co.*, 102 N. Y. 66; *Louisville etc. R. R. Co.* v. *Thompson*, 107 Ind. 442; 57 Am. Rep. 120; *Jamison* v. *R. R. Co.*, 55 Cal. 593; Civ. Code, sec. 2100; *Cleveland etc. Railway Co.* v. *Newell*, 104 Ind. 264; 54 Am. Rep. 312; *The Pilot Boy*, 23 Fed. Rep. 103; *Johnson* v. *Wells*, 6 Nev. 233; 3 Am. Rep. 245; *Taylor* v. *Railway Co.*, 48 N. H. 316; 2 Am. Rep. 229; *Shea* v. *P. & B. V. R. R. Co.*, 44 Cal. 427; *Wheaton* v. *R. R. Co.*, 36 Cal. 590.) The car was suddenly started up while respondent was in the act of alighting therefrom, and under this state of facts, the defendant is liable. (*McDonald* v. *L. I. R. R. Co.*, 116 N. Y. 546; 15 Am. St. Rep. 437; *Gulf etc. R. R. Co.* v. *Williams*, 70 Tex. 159; *Butler* v. *Glenn Falls etc. R. R. Co.*, 121 N. Y. 112; *City etc. R'y Co.* v. *Findley*, 76 Ga. 311.) Respondent could properly act in the pre-

sumption that the driver would use the degree of care which persons of ordinary prudence are accustomed to employ under the same or similar circumstances, due regard being had for the rights of others. (*Robinson* v. *W. P. R. R. Co.*, 48 Cal. 409, 421; *Strong* v. *S. & P. R. R. Co.*, 61 Cal. 326, 328; *Meeks* v. *S. P. R. R. Co.*, 56 Cal. 513; 38 Am. Rep. 67.) The instruction complained of is, in effect, that if the gross negligence of the defendant caused the injuries, the defendant is liable, notwithstanding slight contributory negligence of plaintiff which did not cause the injuries, and is proper. (*Chicago & A. R'y Co.* v. *Johnson*, 116 Ill. 206; *Chicago & A. R'y Co.* v. *Fietsam*, 123 Ill. 518; *Chicago, B., & O. R. R. Co.* v. *Warner*, 123 Ill. 38; *Robinson* v. *W. P. R. R. Co.*, 48 Cal. 410. See *Willard* v. *Swansen*, 126 Ill. 381; Deering on Negligence, secs. 13, 14; *Richmond* v. *Sac. Valley R. R. Co.*, 18 Cal. 351; *Kline* v. *C. P. R. R. Co.*, 37 Cal. 400; 99 Am. Dec. 282; *Needham* v. *S. F. etc. R. R. Co.*, 37 Cal. 409; *Flynn* v. *S. F. etc. R. R. Co.*, 40 Cal. 14; 6 Am. Rep. 595; *Fernandes* v. *Sac. City R'y Co.*, 52 Cal. 45; 2 Thompson on Negligence, 1151; Wharton on Negligence, sec. 323; Shearman and Redfield on Negligence, sec. 33.) Contributory negligence could have been entirely ignored in the case. (*Munro* v. *Dredging Co.*, 84 Cal. 515, 519; 18 Am. St. Rep. 248.

*Welles Whitmore, M. C. Chapman,* and *Thomas H. Smith,* also for Respondent.

Foote, C. — This is an action for damages caused by the carelessness of the driver of a street-car drawn by horses belonging to the defendant corporation, and a defect in the steps of the car, by means of which the plaintiff was thrown from it as she was attempting to alight therefrom, when it had stopped for her to get off.

The evidence showed, as we think, beyond any controversy, that the injury, which is very serious, was caused

in this manner, viz.: The plaintiff, when the car stopped, placed one foot on the ground, and had the other still resting on the step, when the driver suddenly started the horse-car. The step was jerked from under her foot, planted thereon, and she was precipitated violently to the ground, and her hip severely injured.

The evidence is ample to show both the carelessness of the corporation in having such a defective step on its car, and the gross negligence of the driver of the car in starting it just as the passenger, the plaintiff, was stepping from it.

The only matter about which there is really any serious question in the case is the instruction, which reads thus: "If you believe from the evidence that at the time of the accident the plaintiff was guilty of negligence upon her part that contributed to produce the injuries, and you also believe from the evidence that the defendant was guilty of gross negligence, and that such gross negligence caused the injuries complained of, then the court instructs you that the defendant is liable, notwithstanding the contributory negligence of the plaintiff."

The instruction could work no injury to the defendant, for the reason that there is no evidence tending to show any negligence on the part of the plaintiff.

She was proceeding, after due warning to the driver where to stop, and when he had stopped the car, to get off. While so doing, standing upon one foot on a defective step, and attempting to plant the other foot firmly on the ground, having no reason whatever to suppose but that her right to have time to get off would be allowed her, she is suddenly hurled to the earth, by the starting of the car jerking the step from under her foot resting thereon, and seriously injured. A more careless proceeding on the part of the employee of the corporation defendant can hardly be imagined.

No prejudicial error is perceived in the record, and we advise that the judgment and order be affirmed.

VANCLIFF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.